IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  vs.<br><br>HAWAIIAN KAMALI`I INC., dba HAWAIIAN CANOE CLUB; HAWAIIAN CANOE RACING ASSOCIATION; KIHEI CANOE CLUB; and MARK DAVID STEVENS,<br><br>      Defendants. | CIVIL 18-00140 LEK-RLP |

**ORDER REMANDING CROSS-CLAIM AND**
**DENYING PENDING MOTIONS AND JOINDERS**

Plaintiff Great Divide Insurance Company ("Great Divide") filed its Complaint for Declaratory Judgment ("Complaint") on April 17, 2018, based on diversity jurisdiction and the Declaratory Judgment Act.[1] [Dkt. no. 1 at ¶¶ 6-7 (citing 28 U.S.C. §§ 1332, 2201).] Defendant Mark David Stevens's ("Stevens") amended answer to the Complaint, filed July 27, 2018, included a Cross-claim against Defendants Hawaiian Kamali`i, Inc., doing business as Hawaiian Canoe Club ("HCC"), Hawaiian

---

[1] Although Great Divide invoked the Declaratory Judgment Act as a basis for jurisdiction, "'[t]he operation of the Declaratory Judgment Act is procedural only' and does not confer arising under jurisdiction." See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 543 (9th Cir. 2011) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950)).

Canoe Racing Association ("HCRA"), and Kihei Canoe Club ("KCC" and collectively "Club Defendants"). [Dkt. no. 21-1.] The Cross-claim does not assert any basis for jurisdiction that is independent of the basis for jurisdiction over the claims in the Complaint. Further, the parties to the Cross-claim are not diverse. See Cross-claim at ¶¶ 1-3 (alleging each of the Club Defendants is a Hawai`i entity with its principal place of business in Hawai`i), ¶ 4 (alleging Stevens is a Hawai`i resident). Federal jurisdiction over the Cross-claim is based on supplemental jurisdiction. See 28 U.S.C. § 1367.

On March 15, 2019, an order was issued granting summary judgment in favor of Great Divide as to all issues in the Complaint ("3/15/19 Order"). [Dkt. no. 67.] Because all of the issues in the Complaint have been resolved and because there have been limited proceedings in this case regarding the Cross-claim, this Court declines to continue its exercise of supplemental jurisdiction over the Cross-claim. See § 1367(c)(3). This Court therefore REMANDS the Cross-claim to the State of Hawai`i Second Circuit Court.

In light of the remand, the following matters are HEREBY DENIED: 1) HCC's October 23, 2018 motion to dismiss – or, in the alternative, to stay and sever – the Cross-claim ("HCC Motion); [dkt. no. 33;] 2) a similar motion filed by KCC on November 13, 2018 ("KCC Motion"); [dkt. no. 42;] and 3) HCRA's

joinders of simple agreement in the KCC Motion and the HCC Motion, both filed on December 6, 2018, [dkt. nos. 44, 45,] (collectively "HCRA Joinders"). The denial of the HCC Motion, the KCC Motion, and the HCRA Joinders is WITHOUT PREJUDICE to the refiling of such matters in the state court after remand. This Court expresses no opinion on the merits of the HCC Motion, the KCC Motion, and the HCRA Joinders.

The Clerk's Office is DIRECTED to effectuate the remand of the Cross-claim on **April 5, 2019**, unless a timely motion for reconsideration of either the 3/15/19 Order or the instant Order is filed. After the remand is effectuated, the Clerk's Office is DIRECTED to enter final judgment in favor of Great Divide on the Complaint and to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 15, 2019.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GREAT DIVIDE INSURANCE COMPANY VS. HAWAIIAN KAMALII, INC., ET AL.; CV 18-00140 LEK-RLP; ORDER REMANDING CROSS-CLAIM AND DENYING PENDING MOTIONS AND JOINDERS**